# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*





February 11, 2008

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   **United States v. Charlotte Wallace**
       **07 Cr. 1033 (RJS)**

Your Honor:

      By this letter, Ms. Wallace withdraws her application that she be allowed bail pending sentencing in the above-entitled matter so that she might participate in the Daytop Village residential drug treatment program in Rhinebeck, New York.

      Ms. Wallace has been incarcerated at the Metropolitan Correctional Center, 150 Park Row, New York, New York since Friday evening, February 8, 2008. In a telephone call today, Ms. Wallace told counsel that she did not wish to pursue the issue of bail pending sentencing because her family members would not be able to visit her were she to participate in the Daytop Village Program in Rhinebeck, New York. Accordingly, Ms. Wallace instructed counsel that she wished to remain in jail in New York until the date of her sentencing.

      For the Court's information, I did do some further research on whether the need to participate in a drug treatment program might constitute an "exceptional reason" for continued release on bail pending sentencing, pursuant to Title 18, U.S.C. § 3145. Under circumstances analogous to the instant case, some courts have found the "exceptional circumstances" requirement satisfied. See United States v. Mitchell, 358 F.Supp. 2d 707 (W.D. Wisc.

2005)(defendant convicted on conspiracy to distribute cocaine qualified for release pending sentencing where prosecutor intended to file motion stating that defendant had provided substantial assistance in investigation and prosecution of another person, and defendant, while on pre-trial release, had secured full-time employment and passed all drug tests; continued release would enable defendant to sell or lease his home so it would not remain vacant while he was incarcerated); United States v. Charger, 918 F.Supp. 301 (D.S.D. 1996)("exceptional reasons" found for defendant convicted of assault to remain on bail pending sentencing; defendant was engaged in outpatient alcohol treatment program and could benefit from guidance in Native American ways available if he continued to live in his father's home).

    Finally, I have spoken to Pretrial Services Officer Natasha Ramesar. Ms. Ramesar informs me that the Daytop Village Residential Drug Treatment Program involves an initial commitment of 30 days. At the end of 30 days, the commitment is reviewed by Pretrial Services and counselors at Daytop Village. It may be extended for another 30 or 60 days. Ms. Ramesar states that most commitments are for a total of 90 days or less.

    Thank you for your attention to this matter.

Respectfully submitted,

Mark B. Gombiner
Attorney for Charlotte Wallace

cc: A.U.S.A Julian Moore
    Charlotte Wallace

SO ORDERED
Dated 2/15/08